Case 3:11-cv-00798-LRH-WGC   Document 3   Filed 11/15/11   Page 1 of 5

FILED _____ _____ RECEIVED
ENTERED _____ _____ SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 1 5 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID S. PHILLIPS,

    Plaintiff,

vs.

HARRAH'S CASINO, et. al.,

    Defendants.

3:11-cv-00798-LRH (WGC)

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §(b)(1)(B) and Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's application to proceed *in forma pauperis* and *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1, Doc. # 1-1.)[1]

## I. APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

A person may be granted permission to proceed *in forma pauperis* if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*,

---

[1] Refers to court's docket number.

277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

In his application, Plaintiff states he is currently unemployed, but from December 2005 until January 2009, he was employed as a homeless outreach worker at the United States Department of Veterans Affairs, in West Los Angeles, California. (Doc. # 1 at 1.) Plaintiff's monthly income consists of $1,099 in Social Security benefits. (*Id.*) He has also received $16 per month in food stamps since December 2010. (*Id.*) He asserts that he has received no other income in the past twelve (12) months, and the V.A. has not responded to his applications for disability and supplemental pension. (*Id*) He will have less than $1 in his checking account until he receives his next Social Security payment. (*Id.* at 2.) His only expense is $500 per month for rent, and he has no debt. (*Id.*)

Based on the information contained within his application, the court finds it is unlikely Plaintiff would be able to pay the $350 filing fee given that his monthly income is $1,099 per month, and he pays roughly half of that towards his rent each month. Therefore, the Plaintiff's application to proceed in forma pauperis should be granted.

## II. SCREENING

### A. Standard

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for

failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff names Harrah's Casino and "other Does" as defendants in this action. (Doc. # 1-1 at 1.) Plaintiff's Complaint appears to contain three counts that he terms as "identity theft." (*Id.* at 3-11.) Plaintiff asserts that on October 27, 2011, two (2) Harrah's Casino managers refused to honor his V.A. picture identification, and would not look into his identity theft issues. (*Id.* at 8-11.) Plaintiff generally claims someone has his personal data and is using it illegally, but the extent of theft is unknown. (*Id.* at 11.)

///

3

## C. Analysis

"To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989). Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

While the factual details Plaintiff includes in his Complaint are confusing and vague, he appears to claim that unknown employees of Harrah's Casino refused to honor his V.A. identification card, and refused to assist Plaintiff in investigating alleged identity theft. (Doc. # 1-1.) He does not assert who stole his identity, or any information about how the alleged identity theft occurred. He does not allege that these Harrah's Casino employees were responsible for the identity theft, only that they would not look into the matter. He does not even go so far as to allege that the identity theft has any connection to Harrah's Casino.

First and foremost, Plaintiff does not include any allegations that would lead the court to believe the conduct complained of was committed by a person acting under color of state law. Rather, his allegations are focused on two private persons employed by a private entity, Harrah's Casino. *See Price v. Hawaii*, 939 F.2d 702-707-08 (9th Cir. 1991) (private parties generally do not act under color of state law).

Second, it is not entirely clear that Plaintiff has set forth the violation of a federal constitutional or statutory right since he only alleges the unknown employees refused to look at his identification card and would not look into his identity theft claim. Therefore, Plaintiff has not set forth the deprivation of a federal constitutional or statutory right. With no federal question, and a lack of diversity, the court also appears to lack subject matter jurisdiction. *See* 28 U.S.C. §§ 1331-1332 (granting district courts original jurisdiction in federal question actions and actions involving diversity of citizenship and an amount in controversy that exceeds $75,000 exclusive of interest and costs).

Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction. The remaining question is whether Plaintiff should be given leave to amend.

The court may deny leave to amend to a plaintiff who has been granted *in forma pauperis* status if it finds that the action is frivolous and could not be amended to state a federal claim, or if the district court lacks subject matter jurisdiction. *See Lopez v. Smith*, 203 F.3d 1122, 1124, 1127-29 (9th Cir. 2000) (en banc); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). Plaintiff's allegations center around conduct by private persons, and as such the court finds there is no plausible claim of conduct by a person acting under color of state law. As a result, Plaintiff's Complaint should be dismissed without leave to amend.

### III. RECOMMENDATION
**IT IS HEREBY RECOMMENDED THAT:**

(1) Plaintiff's request to proceed *in forma pauperis* (Doc. # 1) be **GRANTED.** The Clerk of the Court should be instructed to **FILE** the Complaint (Doc. # 1-1).

(2) Plaintiff's Complaint should be **DISMISSED WITHOUT LEAVE TO AMEND** for failure to state a claim upon which relief may be granted.

DATED: November 15, 2011.

_____
UNITED STATES MAGISTRATE JUDGE